UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2003 DEC 29 P 2: 38

| | | |
|---|---|---|
| Michael Tracey | : | No. 3:03CV908 (JCH) |
|     Plaintiff. | : | |
| v. | : | |
| | : | |
| Daniel Mendez | : | |
| Eddie Correa | : | December 26, 2003 |
|     Defendants. | | |

## AMENDED COMPLAINT

1.  This is an action for money damages to redress the deprivation by the defendants of rights secured to the plaintiff by the Constitution and laws of the United States and the State of Connecticut.

2.  Jurisdiction of this Court is invoked under the provisions of Sections 1331 and 1367(a) of Title 28 and Section 1983 and 1988 of Title 42 of the United States Code.

3.  Jurisdiction of this Court is invoked, in the state law claims, under the provisions of Section 1367 of Title 28 of the United States Code.

4.  The defendant Mendez employed unreasonable force, assaulted the plaintiff, and subjected the plaintiff to extreme emotional distress during the course of a warrant less arrest.

5.  The defendant Mendez subjected the plaintiff to false and warrant less arrest, and unlawful search and seizure in violation of his rights under the Constitution and laws of the United States and the State of Connecticut.

6. During all times mentioned in this action, the plaintiff was, and still is, an adult citizen of the United States, residing in Bridgeport, Connecticut.

7. The defendants Mendez and Correa, during all times mentioned in this action, were and are duly appointed officers in the Bridgeport Police Department, acting in their official capacity. They are sued, however, only in their individual capacity.

8. The defendants Mendez and Correa, during all times mentioned in this action, were acting under color of law of the Constitution and Statutes of the United States and State of Connecticut, and the customs and usages, of the State of Connecticut and the City of Bridgeport.

9. At or about 9:30 P.M., on December 17, 2000, in the vicinity of Arctic Street in Bridgeport, CT, the plaintiff was operating a motor vehicle, with his step-daughter, Aiesha Padilla, as the front seat passenger.

10. Defendant Mendez unlawfully pulled over the plaintiff and Ms. Padilla.

11. Defendant Mendez inquired into the name of the plaintiff, and when the plaintiff advised that his name was Michael Tracey, Defendant Mendez ordered the plaintiff to exit his vehicle.

12. The plaintiff complied, removed his seat belt and exited the vehicle.

13. The plaintiff was thrown against the vehicle by Defendant Mendez, his feet were physically spread by Defendant Mendez, and he was searched by Defendant Mendez.

14. The defendant Mendez removed the Plaintiff's wallet from his sock and shined a light into the back seat of the Plaintiff's vehicle.

15. Defendant Mendez inquired if the plaintiff had any guns, drugs or weapons.

16. Defendant Mendez, without exercising ordinary care, slammed the door on the plaintiff's hand.

17. Where after, Defendant Correa arrived on the scene.

18. Ms. Padilla stated to Officer Mendez that his actions were police brutality.

19. In response to Ms. Padilla's comment, Defendant Mendez told Ms. Padilla to "shut up bitch."

20. Defendant Mendez stated to Defendant Correa, in the presence of the plaintiff and Ms. Padilla, that "the plaintiff's girlfriend was being bitchy."

21. Defendant Mendez advised the plaintiff that he was stopped because he wasn't wearing a seat belt.

22. Defendant Correa advised the plaintiff that he was stopped because his marker plates were outdated.

23. The plaintiff attempted to file a complaint against Defendant Mendez, with Defendant Correa, for injuring his hand and being stopped without a valid reason.

24. Upon the oral complaint, Defendant Correa advised the plaintiff that "we're grown men, grown men don't do reports."

25. As a result of his hand being slammed in the door by defendant Mendez, the plaintiff suffered contusions and pain on his hand, and missed work.

26. The plaintiff was treated at St. Vincent's Medical Center, Bridgeport, CT, where his hand was immobilized and he was administered pain medication.

27. The defendants actions were unjustified and unlawful.

28. The actions of the defendants were extreme and outrageous.

29. As a direct and proximate result of the acts of the defendants, as described herein, the plaintiff suffered severe emotional distress.

30. As a consequence of the actions of the defendants, the plaintiff suffered great humiliation, anxiety, stress, emotional and mental upset, loss of time from his employment and other pursuits.

31. In the manner described above, the injuries to the hand of the plaintiff were the direct and proximate result of the negligent actions of the Defendant Mendez.

32. In the manner described above, the injuries to the hand of the plaintiff were the direct and proximate result of the intentional, reckless and negligent assault and battery committed by Defendant Mendez.

33. In the manner described above, Defendant Correa violated the Plaintiff's rights guaranteed under the First Amendment to the United States Constitution.

Wherefore, the plaintiff claims:

a) Compensatory damages:

b) Punitive damages

c) Attorney's fees;

d) Such other relief as deemed fair and equitable.

                                            Michael Tracey
                                            By His Attorney

                                            Robert M. Berke
                                            135 Elm Street
                                            Bridgeport, CT 06604
                                            203 332-6000
                                            203 332-0661 fax
                                            Bar No. 20784

## CERTIFICATION

I certify that copies have been delivered to counsel of record as listed below, on this date:

December 26, 2003: Gregory Conte, Esq. Office of the City Attorney, 999 Broad Street, Bridgeport, CT  06604, and Barbara Massaro, Esq., Office of the City Attorney, 999 Broad Street, Bridgeport, CT  06604.

_____
Robert M. Berke